**Case No. 25-01081**

IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

MICHAEL MENDENHALL

*Plaintiff-Appellant,*

v.

CITY AND COUNTY OF DENVER,

*Defendant-Appellee.*

On Appeal from the United States District Court
For the District of Colorado
District Court No. 24-cv-574-PAB-NRN
The Honorable Philip A. Brimmer

**APPELLEE'S RESPONSE IN OPPOSITION TO MOTIONS
FOR LEAVE TO FILE AMICUS BRIEFS
[CTA10 Dkt. Nos. 29, 31, 37, and 38]**

Kevin Sobczyk
Assistant City Attorney
Denver City Attorney's Office
201 West Colfax Ave., Dept. 1108
Denver, CO 80202-5332
(720) 913-3100
kevin.sobczyk@denvergov.org

*Counsel for Appellee*

Pursuant to Federal Rules of Appellate Procedure 27(a)(3) and the Court's June 6, 2025, Minute Order [CTA10 Dkt. No. 40], Appellee, City and County of Denver, through undersigned counsel, hereby responds, collectively, in opposition to all Movants' motions for leave to file amicus briefs, [CTA10 Dkt. Nos. 29, 31, 37, and 38], as follows:

## INTRODUCTION

On May 29, 2025, Appellant filed his opening brief. [CTA10 Dkt. No. 25]. On June 5, 2025, four (4) separate motions for leave to file amicus briefs were filed by the following Interested Parties: National Police Accountability Project & Law Enforcement Action Partnership (the "NPAP"); Cary Hansel, Richard W. Hendrix, Julie Rickert, and Keenan Saulter ("Hansel, Hendrix, Rickert, and Saulter"); Joshua Dressler, Donald Dripps, Richard Friedman, Laurent Sacharoff and George C. Thomas, III ("Law Professors"); Kenneth Walker and Anjanette Young ("Walker and Young") (collectively, "Movants"), in support of Appellant's requested relief, pursuant to Fed. R. App. P. 29(a)(3). [CTA10 Dkt. Nos. 29, 31, 37, and 38].

> Per their motion, NPAP's *amicus* filing seeks to brief the Court on:
>
> [c]ritical context and analysis regarding the systemic harms associated with warrant applications based on secondhand

2

information particularly from confidential informants and the insufficient judicial scrutiny such applications typically receive.

[CTA10 Dkt. Nos. 29, at 4].

According to their motion, Hansel, Hendrix, Rickert, and Saulter seek to brief the Court in an effort to:

> [discuss] the substantive doctrine at issue, arguing that *Jones* is incompatible with the text and history of the Fourth Amendment . . . aid the Court in understanding the real-world consequences of unreliable hearsay warrants.

[CTA10 Dkt. Nos. 31-1, at 3].

In their motion, the Law Professors argue their briefing is relevant because:

> [t]hey address the way in which recent caselaw interpreting the Warrant Clause—and, in particular, its requirement that a warrant issue only "upon probable cause, supported by Oath or affirmation"—departs from the original public understanding of the Fourth Amendment.

[CTA10 Dkt. Nos. 37-1, at 3].

Lastly, Walker and Young's motion seeks to brief the Court, to:

> [a]id the Court in grasping the devastating impact that *Jones* has had on individual liberty, and the need for the Supreme Court to reconsider and overrule that decision, in order to restore the protection the Fourth Amendment's Oath or Affirmation Clause was intended to provide.

[CTA10 Dkt. Nos. 38, at 5].

3

Movants' briefings claim to supplement Appellant's position that *Jones v. U.S.* should be reversed. *Jones v. United States*, 362 U.S. 257 (1960). However, any referenced real-world cases are factually dissimilar and irrelevant to the present case and will not aid in resolving the matter. Moreover, the arguments and asserted *additional context* offered in any *amici curiae* briefing are duplicative or improperly expand Mendenhall's own arguments, unfairly exceeding word limitations imposed on the parties, to sole benefit of the Appellant. All Movants should be denied.

## STANDARD OF REVIEW

"[T]he criterion for deciding whether to permit the filing of an *amicus* brief should be the same: whether the brief will assist the judges by presenting ideas, arguments, theories, insights, facts, or data that are not to be found in the parties' briefs." *Voices for Choices v. Illinois Bell Tel. Co.*, 339 F.3d 542, 545 (7th Cir. 2003). As *amicus curiae* are not party to the case but seek to participate only as an assist to the court, it is solely within the discretion of the court to permit such briefings. *United States v. Gotti*, 755 F. Supp. 1157, 1158 (E.D.N.Y. 1991); *See also New Mexico Oncology & Hematology Consultants, Ltd. v. Presbyterian Healthcare Servs.*, 994 F.3d 1166, 1175 (10th Cir. 2021). Briefings which seemingly

exist to unfairly increase the page limits of an appeal's argument in support of one party are disfavored. *United States v. Ackerman*, 831 F.3d 1292, 1299 (10th Cir. 2016) ("*Amici* briefs often serve valuable functions, but those functions don't include presenting arguments forgone by the parties themselves or *effectively and unilaterally expanding the word limits established by rule for a favored party*.") (*emphasis added*).

## ARGUMENT

Fed. R. App. P. 29(a)(3) requires motions for leave to file *amici* briefings, along with the proposed brief. *Id*. The movant must state their interest and "why an *amicus* brief is desirable and why the matters asserted are relevant to the disposition of the case." *Rule 29(a)(3)(A-B)*. Movants' motions are not relevant, do not aid in resolving the matter before this Court, or both.

I. **Movants' Asserted Facts and Arguments for Briefing on The Real-World Consequences of *Jones* Are Too Dissimilar to the Facts at Issue Here to be Relevant**

The NPAP seeks to brief this Court on the harms caused by *Jones v. U.S.* "associated with warrant applications based on secondhand information particularly from confidential informants." [CTA10 Dkt. Nos. 29, at 4]. The NPAP argues for reversing *Jones* due to illustrative

5

cases involving deadly consequences owing to no-knock warrants, fatally inaccurate information from purported confidential informants, and warrants recklessly executed at the wrong house. *Id.* at 16-23. However, the facts at issue in this case, as it applies to *Jones,* have nothing to do with such scenarios. According to Appellant's own Opening Brief, the warrant in this case relied on hearsay attributed to a named complainant, Mr. Horan, with *no allegations* of negligence, recklessness, purposeful omissions, or falsehoods in the warrant application process, and the address to be searched was correct as requested and as executed. [CTA10 Dkt. No. 25, at 11-14]. There is little, if any, relevant value in a brief on such dissimilar circumstances as exist in this case. Nor would it be proper to permit briefing solely seeking an opportunity to challenge *Jones* under any basis, rather than based on the facts of this case. It will not aid in the disposition of the case. The Court should exercise its discretion and deny the *amici curiae* of NPAP.

The Court should likewise deny the *amici curiae* of Hansel, Hendrix, Rickert, and Saulter. [CTA10 Dkt. No. 31-2]. Like the NPAP brief, they also seek to provide context to the Court for warrant execution issues allegedly resulting from *Jones*, but their offered fact patterns are

6

also too dissimilar to this case to be relevant in resolving this case. In their brief, they present facts about cases involving unreliable confidential informants, false information in affidavits, and lacking corroborative police work. *Id.* at 14-16. They, too, cite to cases involving affidavit fabrications and a wrong address being targeted. *Id.* at 19-22. Again, none of those factors are present in this case, nor assistive in determining how *Jones* is applicable to the facts present in Mendenhall to merit *amicus* briefing. [CTA10 Dkt. No. 25, at 11-14].

Similarly, Walker and Young's motion to submit their *amicus* brief should be denied because Young's case involves a warrant executed at the wrong address and has no real similarity to Mendenhall to aid the court in resolving this matter. [CTA10 Dkt. No. 38, at 36-42]. Further, Walker's case is an improper expansion of the argument Appellant raises in his brief and should be disallowed, as argued below. *Id.* at 23-30.

The lamentable harms suffered by individuals in the various allegedly illustrative cases do involve warrants relying on hearsay, and this objection to their relevance is not meant to minimize tragic outcomes. But Mendenhall's facts have no actual relevant relation to Movants' claimed issues. Their referenced case studies were clearly caused by

falsehoods, reckless warrant execution, or other forms of bad faith police work, likely actionable under 42 U.S. Code § 1983 or other remedies, do not merit consideration here for reversal of this long held U.S. Supreme Court precedent, when properly followed. *Jones,* 362 U.S. 257. None of Movants' articulated law enforcement misconduct factors related to the application for and execution of search warrants are present here, nor is this a class action. Thus, they are irrelevant to the Court's determination of whether *Jones* should be reversed under the facts at issue, the mere reliance on properly attributed hearsay in applying for a search warrant.

## II. Movants' Arguments Are Duplicative and Unfairly Expand the Word Limit for a Favored Party

The Law Professor brief is an improper attempt to extend the word limit of Appellant's brief concerning the history of interpreting the Warrants Clause of the Fourth Amendment, up to and including the current adherence to *Jones*. [CTA10 Dkt. No. 37-1, at 3]. This is problematic on two fronts. It is not really presenting any new assertions that are not addressed, in some fashion, in Appellant's first two arguments. [CTA10 Dkt. No. 25, at 29-40]. Indeed, the headings for the first two Appellant arguments and the two main arguments made by the Law Professors brief bear striking resemblance in both form and

substance, as well as the essence of their respective ensuing topic discussions. *See* [CTA10 Dkt. No. 25, at 22, 32] ("I. As original public meaning and common-law practice show, the Oath or Affirmation Clause required sworn firsthand testimony."; "II. Subsequent history and tradition also show that the Oath or Affirmation Clause required sworn firsthand testimony."); *Compared to* [CTA10 Dkt. No. 37-2, at 12, 34] ("I. The Text and Founding-Era Understanding of the Fourth Amendment Require That a Warrant Be Supported by Admissible Witness Testimony."; "II. Cases Decided Shortly After Ratification Confirm That Hearsay Is Not a Proper Basis for Issuing a Warrant.").

Secondly, Laurent Sacharoff, one of the Law Professors, represented Appellant in the district court case. [CTA10 Dkt. No. 37-2, at 7, fn. 1]. There, similar originalist arguments about the history of the Warrant Clause in the complaint and in briefing the motion to dismiss were already made as grounds to reverse *Jones*, including references to Prof. Sacharoff's law review article about the claimed meaning of the Warrant Clause, and now, is also relied on by Movants and Appellant. *Id.* at 9, 14, 26, 29-30, 33]; *See also* App. at 8-10; 39-53; [CTA10 Dkt. No. 25, at 18, 32]; [CTA10 Dkt. No. 29, at 16, 25-26]; [CTA10 Dkt. No. 31-2,

at 9, 17]. Even though he is a co-author here, it does not diminish the problem with the Law Professor brief being an improper companion piece to the appeal appendix, based on how it expands and relitigates Prof. Sacharoff's prior scholarly work and representation on this matter. App. at 8-10; 39-53. Allowing its inclusion as an *amici curiae* briefing here sanctions 6,040 more words to support Appellant same historical interpretation arguments. [CTA10 Dkt. No. 37-2, at 40]. The Law Professors' brief is as an objectionable omnibus offering only excessively and needlessly expanding Appellant's main argument, by adding dozens more cases and other authorities for Court consideration while avoiding Mendenhall's word limits. *Id.* at 3-6. The brief's lack of substantive difference from Appellant's historical and case law context arguments is a grossly unfair word limit expansion in Mendenhall's favor and it is an undesirable and improper *amici* brief. *Ackerman*, 831 F.3d at 1299.

 It would greatly prejudice Appellee to have to address both the alleged historical and legal persuasive documents this Court already has before it from Appellant's brief, with some dating back to the 1600's, and a number of included law review article references on the topics; and Appellee would have to address, in some fashion, these numerous new

asserted historical documents and cases from the Law Professors, also claimed to carry weight only in Appellant's favor. [CTA10 Dkt. No. 25, at 4-9]; [CTA10 Dkt. No. 37-2, at 3-6]. Therefore, the offered *amici* brief from the Law Professors should be denied based on being an improper supplement to arguments already made by Appellant and limited by appellate rule, as also co-authored by a prior counsel for Appellant.

The briefs from all other Movants should also be similarly denied for being an unfair expansion of page-limited arguments. The Appellant's Opening Brief makes a short argument about other individuals harmed by problematic warrants premised on hearsay and allowed by *Jones*. [CTA10 Dkt. No. 25, at 18-20]. One such case, referenced by Appellant, involved the death of Breonna Taylor after an ill-fated search warrant execution based on hearsay, among other issues. *Id.* at 18-19. Nowhere else in his brief does Appellant expand on this alleged *Jones*-caused harm argument. Instead, Movants' filed *amici* briefs serve to expand on Appellant's brief assertion of dissimilar hearsay warrant fact patterns to illustrate extreme harms caused by warrant executions, allegedly resulting from *Jones* being followed. [CTA10 Dkt. Nos. 29, 31, and 38]. Most concerningly, Walker and Young's *amici* brief attempts to

11

supplement the Appellant's short Taylor argument directly, through Walker's perspective of the raid which killed Ms. Taylor. [CTA10 Dkt. No. 38, at 23-30]. Mr. Walker was Ms. Taylor's boyfriend and was present when the search warrant at Taylor's home was executed and resulted in her death. *Id.* at 23-24. Appellant could have expanded their argument about those facts found in Taylor and its relevance to Mendenhall's facts, as it relates to *Jones*, but their Opening Brief did not.

An *amicus* brief should not expand on such topics as an apparent means to expand the word limit on the same exact argument. *Ackerman*, 831 F.3d at 1299. Similarly, the other Movants' real-world cases cited also merely expand on Mendenhall's briefly included argument about the alleged human cost of upholding *Jones*, while also being irrelevant to the facts present here, as argued *supra*. [CTA10 Dkt. No. 29, and 31-2].

As all four (4) *amici* briefs seek to only expand on arguments made in the Appellant brief, essentially expanding his page limitations, they should also be denied on that basis. *Ackerman*, 831 F.3d at 1299.

## CONCLUSION

Based on the foregoing, all Movants' motions for leave to file *amici curiae* briefs should be denied. [CTA10 Dkt. Nos. 29, 31, 37, and 38].

Dated this 13th day of June 2025.

                    Respectfully submitted,

                    */s/ Kevin Sobczyk*
Kevin Sobczyk, Assistant City Attorney
Denver City Attorney's Office
201 West Colfax Ave., Dept. 1108
Denver, CO 80202-5332
Kevin.sobczyk@denvergov.org
Phone: (720) 913-3100
Fax: (720) 913-3155
*Counsel for Defendant-Appellee City and County of Denver*

## CERTIFICATE OF COMPLIANCE

In accordance with Federal Rule of Appellate Procedure 27(d), I certify that this motion:

(i) complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) because it contains 2,273 words, excluding the parts of the response exempted by Fed. R. App. P. 32(f); and

(ii) complies with the typeface requirements of Fed. R. App. P.32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in Century Schoolbook 14-point font in the body, 13-point font in the footnotes.

Dated this 13th day of June 2025.

> /s/ Kevin Sobczyk
> Kevin Sobczyk, Assistant City Attorney
> Denver City Attorney's Office
> 201 West Colfax Ave., Dept. 1108
> Denver, CO 80202-5332
> Kevin.sobczyk@denvergov.org
> Phone: (720) 913-3100
> Fax: (720) 913-3155
> *Counsel for Defendant-Appellee City and County of Denver*

# CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of June 2025, I electronically filed the foregoing **APPELLEE'S RESPONSE IN OPPOSITION TO MOTIONS FOR LEAVE TO FILE AMICUS BRIEFS [CTA10 Dkt. Nos. 29, 31, 37, and 38]** using the court's CM/ECF system which will send notification of such filing to the following:

Lauren Bonds
National Police Accountability Project
legal.npap@nlg.org

Eli Barrish
Scott Douglass & McConnico LLP
ebarrish@scottdoug.com

Laurent Sacharoff
Sturm College of Law
University of Denver
laurent.sacharoff@du.edu

Samuel Eckman
Gibson, Dunn & Crutcher, LLP
seckman@gibsondunn.com

Timothy S. Durst
Frances MacKay, O'Melveny
  & Myers LLP
tdurst@omm.com

*s/ Michele Imes*
Denver City Attorney's Office